JON M. SANDS
Federal Public Defender
**WALTER I. GONÇALVES, JR.**
Assistant Federal Public Defender
State Bar No. 023659
407 W. Congress St., Suite 501
Tucson, AZ 85701
Telephone: (520) 879-7500
*walter_goncalves@fd.org*
Attorney for Defendant

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| United States of America, | 20-mj-02951 (MSA) |
|---|---|
| Plaintiff, | **REPLY TO GOVERNMENT'S RESPONSE MOTION FOR REVIEW OF DETENTION ORDER** |
| vs. | |
| Carlos Victor Passapera Pinott, | |
| Defendant. | |

Carlos Pinott Passapera, through undersigned counsel, replies to the Government's Response to Motion for Review of Detention Order (Doc. 10).

Contrary to the government's assertions, lack of trustworthiness resulting from alleged corrupt acts do not mean Mr. Passapera is a serious risk of flight. According to the government's analysis, courts must detain government employees charged with corrupt acts pending trial because judges cannot trust them to follow court orders. This is invalid. This District and other courts have allowed release for U.S. Border Patrol Agents and other law enforcement officers pending trial for murder charges. For example, Agent Lonnie Swartz, was on release during two trials. Mr. Swartz faced more serious charges compared to Mr. Passapera.

But even if Mr. Passapera faced more serious charges, he poses no flight risk. The Court can impose conditions such as relinquishment of his passport, ankle monitoring,

contact with Pre-Trial Services, a workable third-party custodian, and many other conditions that will assure his appearance. Mr. Passapera is committed to his wife and children. He will not leave them hanging. How would be leave the United States? The government has not presented evidence showing he will flee.

While it is true Mr. Passapera did not mention the alleged $311,000 in a safety deposit box, he exercised his right to remain silent. Such admission is incriminating. The government would use it against him. The court cannot use his exercise of the Fifth Amendment in deciding whether he is a flight risk.

Cynthia Gonzalez, his wife of 25 years, was not involved nor aware of activities alleged by the government. She deposited money he received from a $40,000 settlement resulting from a car accident. As a full time, executive director of a school in Buckeye, she was unaware her husband deposited substantial cash in their safety deposit box. While expensive purchases took place, such as a ring, a car for their daughter, and trips outside of the continental United States, she believed the money came from his TSP account, accident settlements (their daughter received a settlement for a car accident), and legitimate income. The government has not charged she knew or was involved. Such allegations are unsupported by credible evidence.

Mr. Passapera travelled to Puerto Rico with Ms. Gonzalez for her birthday to visit his ailing father, and to conduct repairs and examine a rented family home that tenants improperly kept. While Mr. Passapera's ties to Puerto Rico include his mother, father, and two siblings, his connections are closer to his wife's family, who have lived in Buckeye for the last 8 years. After the family moved to Arizona in 2010 because of his

employment with the U.S. Border Patrol, Ms. Gonzalez's mother, grandmother, sister, and an aunt, all moved to reunify with them after her father passed away in 2012. Although Mr. Passapera said he visited Puerto Rico annually, he had not been to Puerto Rico for 10 years after moving to Arizona.

Mr. Passapera has two children with Ms. Gonzalez.  The youngest child is 20 years old and lives at home, she is "the baby."  The other child is a 23-year-old son, an engineer, who married within the last year.   He has two biological children and an older daughter, from Cynthia's first marriage.  The oldest is 29 and in Arizona.  He has granddaughters in Arizona.

In response to allegations Mr. Passapera placed agents at risk by not showing up to work, he left no agent unattended during absences.  Further, there was a culture where even more senior, or supervisory agents, engaged in the same behavior, but agents swept this conduct under the rug.  The unit where he worked in is small, only sixteen agents in four shifts.  Allegations of not showing up for work or leaving work early do not make Mr. Passapera a flight risk.

For all these reasons, this Court should release Mr. Passapera under conditions that will assure his appearance for trial.

RESPECTFULLY SUBMITTED this 21st day of August, 2020.

JON M. SANDS
Federal Public Defender

*/s/ Walter I. Gonçalves, Jr.*
WALTER I. GONÇALVES, JR.
Assistant Federal Public Defender

Copy of the foregoing has been supplied
by electronic transmittal via the CM/ECF System:

Ryan Ellersick, III
Assistant United States Attorney